IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEVON OUTLAW,                          *

     Plaintiff,                    *

v.                                     *          Civil Action No. GLR-19-189

RICHARD DOVEY, et al.,                 *

     Defendants.                   *

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on self-represented Petitioner Levon Outlaw's Motion for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254. (ECF No. 1).[1] The Petition is ripe for review, and no hearing is necessary. See R. Govern. § 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2); Local Rule 105.6 (D.Md. 2021); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (noting that a petitioner is not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the Court will deny the Petition and decline to issue a certificate of appealability.

## I.      BACKGROUND[2]

On September 19, 2000, Outlaw was tried and convicted by a jury sitting in the Circuit Court for Baltimore City of armed robbery, first-degree assault, and use of a

---

[1] Outlaw was incarcerated when he filed this Petition. He has since been released to parole. See Levon Outlaw Supervision Record, VINELink, https://vinelink.vineapps.com/search/MD/Person (search by name for "Levon Outlaw").

[2] As the procedural history is extensive, the Court includes only what is necessary to resolve the issue presented.

handgun in the commission of a violent crime against two victims. (<u>See</u> Case No. 199251015 Docket Sheets at 1, ECF No. 5-1;[3] Case No. 199251016 Docket Sheets at 1, ECF No. 5-1).[4] In an unreported opinion by the Court of Special Appeals, the court described the events leading up to the arrest as follows:

> On July 22, 1999, [Leon] Webber flew into Baltimore Washington International Airport and [Francis] Peckay picked him up. The two then headed to Baltimore's Inner Harbor for dinner. Just before 9:00 p.m., Mr. Peckay parked his Jeep Cherokee in the 100 block of Concord Street and the two men got out of the jeep. As they were getting ready to put money in the parking meter, a man approached with a gun in his hand. The man put the gun against Mr. Webber's stomach and demanded money. Mr. Webber relinquished a twenty dollar bill. The man then pointed the gun at Mr. Peckay and demanded money. Mr. Peckay said that his money was in the jeep and the man told him to get it. Mr. Peckay, a Secret Service Agent, went into the back of his jeep, retrieved his service pistol, and began shooting. He fired the weapon a total of ten or eleven times. The man ran and Mr. Peckay gave chase for approximately two blocks. Mr. Peckay stated that he stopped running before apprehending the robber because he got a severe pain in his leg. . . . In court, both witnesses identified Mr. Outlaw as the man who accosted them.

<u>Outlaw v. State</u>, No. 2314, Sept. Term 2000, slip op. at 3–4 (Md.Ct.Spec.App. June 27, 2001).[5]

---

[3] The electronic record accessible at ECF No. 5-1 contains multiple, unseparated documents from the state court record. The docket sheets for Case No. 199251015 may be found at pages 4–28 of ECF No. 5-1, using the pagination assigned by the Court's Case Management and Electronic Case Files ("CM/ECF") system.

[4] The docket sheets for Case No 199251916 may be found at pages 29–49 of ECF No. 5-1, using the pagination assigned by the Court's CM/ECF system.

[5] The Court of Special Appeals opinion may be found at pages 63–73 of ECF No. 5-1, using the pagination assigned by the Court's CM/ECF system.

On October 30, 2000, the trial court held a sentencing hearing. (Oct. 30, 2000 Sentencing Tr. at 1–4, ECF No. 5-1).[6] In the case associated with the first victim, Case No. 199251015, the court sentenced Outlaw to twenty years' incarceration for robbery with a deadly weapon, a concurrent twenty years' incarceration for first-degree assault, and a consecutive twenty years of incarceration for use of a handgun in a violent crime. (Id. at 2–3). In the case regarding the second victim, Case No. 199251016, the court sentenced him to twenty years' incarceration for first-degree assault to run consecutive to the sentences imposed in the first case, a concurrent twenty years' incarceration for attempted robbery with a deadly weapon, and a concurrent twenty years' incarceration for use of a handgun in a violent crime. (Id. at 3–4). Combined, the court sentenced Outlaw to a term of sixty years' incarceration. (Id. at 2–4).

On November 2, 2000, Outlaw appealed his convictions to the Court of Special Appeals of Maryland. (Case No. 199251015 Docket Sheets at 7; Case No. 199251016 Docket Sheets at 6). On June 27, 2001, the court held that Outlaw's assault convictions should have merged with his robbery and attempted robbery convictions but otherwise affirmed. Outlaw, slip op. at 6. At the end of the opinion, the court mistakenly indicated that it was vacating Outlaw's robbery and attempted robbery convictions and not his first-degree assault convictions. Id. at 10. This error was corrected on October 29, 2001. (See Court of Special Appeals Mandate ["Mandate"] at 1–2, ECF No. 5-1).[7]

---

[6] The sentencing transcript for both cases may be found at pages 55–62 of ECF No. 5-1, using the pagination assigned by the Court's CM/ECF system.

[7] The Court of Special Appeals mandate may be found at pages 71–72 of ECF No. 5-1, using the pagination assigned by the Court's CM/ECF system.

On March 29, 2002, the trial court issued a new commitment record to reflect the corrected order. (See Commitment R. at 1–3, ECF No. 5-1).[8] The new record indicates that Outlaw's sentence in Case Number 199251015 was modified to twenty years' incarceration for attempted robbery with a deadly weapon and a consecutive twenty years' incarceration for use of a handgun in the commission of a crime, vacating the first-degree assault conviction. (See id.). The trial court further modified Outlaw's sentence in Case Number 199251016 to twenty years' incarceration for robbery with a dangerous weapon, to run concurrent to the twenty-year handgun sentence in Case Number 199251015, and a concurrent twenty years' incarceration for use of a handgun in the commission of a crime, and also vacated the first-degree assault conviction. (Id.). Accordingly, the court sentenced Outlaw to serve an aggregate term of forty years. (Id.).

On November 14, 2000, while Outlaw's direct appeal to the Court of Special Appeals was pending, Outlaw filed a motion for modification of his sentence under Maryland Rule 4-345(e). (Case No. 199251015 Docket Sheets at 7; Case No. 199251016 Docket Sheets at 7). The court held the motion sub curia. (Case No. 199251015 Docket Sheets at 7; Case No. 199251016 Docket Sheets at 7).

On July 16, 2012, Outlaw filed a letter requesting a reduction of his sentence. (Case No. 199251015 Docket Sheets at 15; Case No. 199251016 Docket Sheets at 13). On July 26, 2012, the trial court denied the request as untimely. (Case No. 199251015 Docket Sheets at 15–16; Case No. 199251016 Docket Sheets at 13–14). On January 8, 2013,

---

[8] The Commitment Record for both cases may be found at pages 76–78 of ECF No. 5-1, using the pagination assigned by the Court's CM/ECF system.

Outlaw filed a motion for reconsideration, which the court granted. (Case No. 199251015 Docket Sheets at 16–17; Case No. 199251016 Docket Sheets at 14–15). By order dated February 19, 2013, the court denied Outlaw's Rule 4-345(e) request for modification of his sentence. (Case No. 199251015 Docket Sheets at 17; Case No. 199251016 Docket Sheets at 15).

On May 30, 2013, Outlaw filed another motion for modification of his sentence under Maryland Rule 4-345(e), which the trial court denied on July 5, 2013. (Case No. 199251015 Docket Sheets at 17; Case No. 199251016 Docket Sheets at 15–16). On June 16, 2014, Outlaw filed a motion to correct illegal sentence under Maryland Rule 4-345(a), which the trial court denied on September 26, 2014. (Case No. 199251015 Docket Sheets at 18; Case No. 199251016 Docket Sheets at 16).

Outlaw filed his Petition with this Court on January 18, 2019. (ECF No. 1). On January 24, 2019, the Court directed Respondents to answer the Petition. (ECF No. 3). On February 22, 2019, Respondents filed a Limited Answer arguing that the matter is time-barred. (ECF No. 5). On February 25, 2019, Outlaw filed a Supplement to the Petition. (ECF No. 6).

On March 8, 2019, Outlaw filed a Motion for Default Judgment. (ECF No. 7). On March 15, 2019, the Court denied the Motion and provided Outlaw twenty-eight days to respond to the Answer and offer additional information concerning the timeliness of his Petition. (ECF No. 8). Outlaw filed his response on April 8, 2019. (ECF No. 9).

## II.   DISCUSSION

**A.    <u>Standard of Review</u>**

A one-year limitation period applies to petitions for writ of habeas corpus filed under 28 U.S.C. § 2254. The limitation period is set forth in 28 U.S.C. § 2244, which provides that the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). But "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Further, the Fourth Circuit has held that a motion for modification of sentence filed pursuant to Md. Rule 4-345 tolls the one-year limitations period under 28 U.S.C. § 2244(d)(2) because "a Maryland Rule 4-345 motion to reduce sentence is not part of the direct review process and undoubtedly calls for review of the sentence." <u>Mitchell v. Green</u>, 922 F.3d 187, 197 (4th Cir. 2019) (quoting <u>Wall v. Kholi</u>, 562 U.S. 545, 555 (2011)) (cleaned up).

"[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" <u>Hill v. Braxton</u>, 277 F.3d 701, 704 (4th Cir. 2002) (quoting <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling under this theory, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances beyond his control caused the delay. <u>See</u> <u>Harris</u>, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." <u>Id.</u>

**B.     <u>Analysis</u>**

Outlaw's conviction became final for purposes of calculating the one-year limitations period under § 2244(d)(1) on February 19, 2013. The Court of Appeals denied Outlaw's petition for certiorari review of his direct appeal on August 23, 2002. <u>Outlaw v. State</u>, 370 Md. 270 (2002) (Table). His time to file the petition expired ninety days later, on November 21, 2002. At that time, however, his November 14, 2000 motion for modification of his sentence under Maryland Rule 4-345(e) was still pending and would remain pending for quite some time. (Case No. 199251015 Docket Sheets at 7; Case No. 199251016 Docket Sheets at 7). By order dated February 19, 2013, the state trial court denied the Rule 4-345(e) motion for sentence modification. (Case No. 199251015 Docket Sheets at 17; Case No. 199251016 Docket Sheets at 15). On February 19, 2013, no other motions were pending.

Outlaw filed his next request for post-conviction relief on May 30, 2013, when he filed a second motion for modification of his sentence under Maryland Rule 4-345(e). (Case No. 199251015 Docket Sheets at 17; Case No. 199251016 Docket Sheets at 15). The motion, however, was untimely filed. See Md. Rule 4-345(e) (stating that a motion to reconsider sentence must be filed within ninety days of sentencing). On July 3, 2013, the trial court denied the motion. (Case No. 199251015 Docket Sheets at 17; Case No. 199251016 Docket Sheets at 15). Therefore, the filing of this motion did not toll the limitations period because it was not a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2); see Pace v. DiGuilelmo, 544 U.S. 408, 413 (2005) (holding that a petition denied by a state court as untimely is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)). Thus, the limitations period expired on February 14, 2014, one year after his Rule 4-345(e) motion for sentence modification was denied.

Outlaw filed his next post-conviction petition on June 16, 2014, when he filed a third motion to correct an illegal sentence based on Maryland Rule 4-345(a). (Case No. 199251015 Docket Sheets at 18; Case No. 199251016 Docket Sheets at 16). As explained above, however, the one-year limitations period had already expired.

Outlaw filed the instant Petition on January 18, 2019, nearly five years too late. Accordingly, the Petition is time-barred unless Outlaw can establish equitable tolling. Although the Court granted Outlaw an opportunity to address the issue, he does not indicate that there was any impediment to filing his application due to state action, any newly recognized constitutional right, or any newly discovered factual predicate underlying his

8

claims. (See generally Respond Order Entitlement Tolling ["Response"], ECF No. 9). Outlaw asserts instead that he has "limited knowledge of the law" and did not realize there was an "error" in his sentence until it was time for him to be released. (Response at 3, 5). Outlaw states that due to the initial error made by the Court of Special Appeals, he believed he had received a twenty-year sentence, not a forty-year sentence. (Id.).

Outlaw appears to be referencing the June 27, 2001 Court of Special Appeals opinion that erroneously indicated that the court was vacating Outlaw's robbery and attempted robbery convictions. (Mandate at 1). This error was corrected, however, and on March 29, 2002, the trial court issued a new commitment record to reflect the Court of Special Appeals' amended opinion. (See Commitment R.). This document clearly states the total time to be served is forty years. (Id.).

Accordingly, Outlaw does not provide grounds that would allow equitable tolling to save the late filing of the petition. Outlaw's "limited knowledge of the law" is not sufficient to establish equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). As Outlaw has not satisfied the standard for equitable tolling, the Court will dismiss his Petition as untimely.

**C.      Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Petitioner must receive a

certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Because Outlaw has not made the requisite showing, the Court declines to issue a certificate of appealability. Outlaw may nevertheless request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## III.   CONCLUSION

For the foregoing reasons, the Court will deny Outlaw's Petition for a Writ of Habeas Corpus (ECF No. 1) and decline to issue certificate of appealability. A separate Order follows.

Entered this 24th day of February, 2022.


_____/s/_____
George L. Russell, III
United States District Judge